J-S21041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KARL ELLIOTT | : | |
| | : | |
| Appellant | : | No. 1162 EDA 2023 |

Appeal from the PCRA Order Entered April 26, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007836-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KARL ELLIOTT | : | |
| | : | |
| Appellant | : | No. 1163 EDA 2023 |

Appeal from the PCRA Order Entered April 26, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007837-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KARL ELLIOTT | : | |
| | : | |
| Appellant | : | No. 1164 EDA 2023 |

Appeal from the PCRA Order Entered April 26, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007838-2017

BEFORE:  LAZARUS, P.J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED SEPTEMBER 5, 2024**

In these consolidated appeals, Karl Elliot (Appellant) appeals from the orders dismissing his second, timely petitions filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Additionally, Appellant has filed motions to remand his cases to the PCRA court to supplement the records for appeal. We deny Appellant's motions, and affirm the order dismissing his PCRA petitions.

On August 14, 2017, law enforcement charged Appellant with numerous sexual offenses involving three minor victims at three docket numbers: CP-51-CR-0007836-2017 (No. 7836); CP-51-CR-0007837-2017 (No. 7837); and CP-51-CR-0007838-2017 (No. 7838). The Commonwealth requested (and the trial court granted) consolidation of these cases for trial, which commenced before a jury on August 20, 2018. Daniel O'Riordan, Esquire (trial counsel), represented Appellant at trial.

The PCRA court recounted the facts adduced at trial:

> [] Appellant had been living with the three minor [victims,] (E.H.[ (victim at No. 7836)], S.E.[ (victim at No. 7837)], and C.C.[ (victim at No. 7838)])[1] at 2337 Woodstock Street for approximately 4 years at the time of the incident[s] underlying the instant case. All three [victims] are sisters[, and are Appellant's biological children].[FN1]
>
> _____
>
> [FN1] E.H's DOB: 12/[]2000; S.E's DOB: 11/[]2003; C.C.'s DOB: 9/[]2005.

_____

1 The locations of the mothers of the minor victims are not relevant to the instant appeal.

On August 13, 2017, at approximately 10:40 a.m., Officer Adam Matthews [(Officer Matthews)] responded to a [report] of a "rape in progress" at 2337 Woodstock Street. When he arrived, he learned that [] Appellant, who was intoxicated, had been attempting to have sex with his eldest daughter, E.H. However, E.H. had refused [] Appellant's advances multiple times. [] Appellant, in an effort to force E.H.'s compliance, had begun hitting E.H. with an extension cord while she attempted to defend herself. The cord left visible markings on E.H.'s body.

E.H. informed Officer Matthews that [] Appellant had been sexually abusing her and her sisters (S.E. and C.C.) for four years. Accordingly, [Officer] Matthews arrested [] Appellant.

[Officer] Matthews then escorted E.H., S.E., and C.C. to the Special Victims Unit (SVU), where detectives interviewed them. Later, E.H., S.E., and C.C. were taken to Philadelphia Children's Alliance (PCA) for a forensic interview with Takeisha Allen, where each child disclosed how [] Appellant had sexually abused them.[FN2]

---

[FN2] Appellant first sexually abused his eldest daughter, E.H., when she was thirteen years old while she was living with him at 7170 Glenloch Street. [] Appellant was routinely intoxicated and forced E.H. and two of her other siblings (separate and apart from [S.E. and C.C.]) to drink and smoke with him. On several occasions, [] Appellant (intermittently sober or intoxicated) entered E.H.'s room at night and took her clothes off prior to having oral and vaginal sex with her. [] Appellant also began sexually abusing S.E. after she went to live with him at the age of ten. [] Appellant repeatedly raped E.H. and S.E. over the course of 4 years, including oral sex, vaginal sex, and [anal sex]. [] Appellant would also use sex toys on E.H. and S.E. and force them to engage in sexual acts on both [] Appellant and one another.

[] Appellant forced both E.H. and S.E. to routinely take birth control, and when E.H. asked what would occur should she decide that she wanted to start her own family and have her own children, [] Appellant retorted that she "was going to have his retarded babies." *See* N.T., 8/22/18, at 140. Eventually, [] Appellant impregnated S.E., and [] Appellant forced her to get an

abortion. C.C. went to live with [] Appellant at the age of eight. [] Appellant attempted to rape C.C. on one occasion, but S.E. intervened and forced [] Appellant off C.C.

[] Appellant forced all three victims to remain quiet and not disclose his actions upon threat of violence. Thus, the three child victims were too scared to seek help from any authority until several years after [] Appellant's sexual abuse had begun....

PCRA Court Opinion, 8/17/23, at 4-5 (footnotes in original, renumbered; citation modified; one footnote and paragraph breaks added).

The jury returned its verdict on August 29, 2018. At No. 7836, the jury convicted Appellant of one count each of rape by forcible compulsion, involuntary deviate sexual intercourse (IDSI), aggravated indecent assault (AIA), endangering the welfare of children (EWOC), and corruption of minors (COM).[2] At No. 7837, the jury convicted Appellant of one count each of rape of a child, unlawful contact with a minor (UCM), AIA, EWOC, and COM.[3] At No. 7838, the jury convicted Appellant of UCM and EWOC.[4]

On January 17, 2019, the trial court sentenced Appellant to an aggregate 37 to 74 years in prison, followed by five years' probation. The PCRA court summarized the ensuing procedural history:

On January 24, 2019, [] Appellant filed a motion for [a] new trial, and the court denied the motion by operation of law on May

---

[2] 18 Pa.C.S.A. §§ 3121(a)(1), 3123(a)(1), 3125(a)(1), 4304(a)(1), 6301(a)(1)(ii).

[3] 18 Pa.C.S.A. §§ 3121(c), 6318(a)(1), 3125(a)(1), 4304(a)(1), 6301(a)(1)(ii).

[4] 18 Pa.C.S.A. §§ 6318(a)(1), 4304(a)(1).

23, 2019.  On June 17, 2019, [] Appellant filed a notice of appeal to [this] Court.  However, on July 14, 2020, the Superior Court dismissed the appeal due to then-appellate counsel's failure to file a brief.  In due course, [] Appellant filed a [PCRA] petition on July 25, 2020[,] requesting that the PCRA court grant him leave to appeal to [this] Court.  The PCRA court granted [] Appellant's petition, finding that his appellate counsel had been ineffective and reinstating his appellate rights *nunc pro tunc* on August 7, 2020.

On September 9, 2020, [] Appellant filed his second notice of appeal.  On January 19, 2022, [this] Court affirmed his judgment of sentence.  [**See Commonwealth v. Elliott**, 272 A.3d 483 … (Pa. Super. 2022) (unpublished memorandum).]  The Supreme Court denied [] Appellant's petition for allowance of appeal on June 15, 2022.  [**See Commonwealth v. Elliott**, 280 A.3d 328 (Pa. 2022) (*per curiam*).]  **On September 26, 2022,** [] **Appellant filed a** [**PCRA**] **petition alleging ineffective assistance of counsel and the existence of newly discovered exculpatory evidence.**  The [PCRA] court appointed PCRA counsel, who filed an amended petition on December 12, 2022.  On March 6, 2023, the Commonwealth filed a motion to dismiss [] Appellant's petition.  **On March 31, 2023, the** [**PCRA**] **court issued a notice of intent to dismiss** [] **Appellant's petition pursuant to Pa.R.C**[**rim**]**.P. 907.  The** [**PCRA**] **court subsequently dismissed** [] **Appellant's petition on April 26, 2023.**

[] Appellant filed [] notice[s] of appeal from the [PCRA] court's dismissal of his petition on May 3, 2023.  On May 8, 2023, the [PCRA] court issued an order pursuant to Pa.R.A.P. 1925(b).  On June 5, 2023, counsel for [] Appellant filed motions to withdraw as counsel and appoint new counsel, which [the PCRA] court granted on June 12, 2023.  [Douglas P. Earl, Esquire (PCRA counsel),] was appointed on June 21, 2023.  On June 27, 2023, the [PCRA] court issued a second [Pa.R.A.P. 1925 order] directed to [PCRA] counsel.  On July 18, 2023, [] Appellant filed a [timely Pa.R.A.P. 1925] statement of matters complained of on appeal[.]

*Id.* at 3-4 (capitalization modified).[5]

On October 9, 2023, PCRA counsel filed identical motions "to remand the appeal to the PCRA court to file an amended statement of matters complained of" at each appellate docket number. Motions to Remand, 10/9/23, at 1. In his motions, PCRA counsel averred that Appellant supplied him with correspondence from the Pennsylvania Department of Human Services (DHS) determining that the reported abuse of E.H. was "unfounded[.]" *Id.* at 2; *see also id.* at Exhibit A. PCRA counsel alleged "that this document and the investigation of DHS' handling [of] the child abuse allegations may have affected the outcome of the trial[.]" *Id.* at 2. PCRA counsel requested this Court remand the matter to permit Appellant to file an amended 1925(b) concise statement "so that the DHS record [] may be part of the Amended" 1925(b) statement. *Id.* We denied Appellant's requests without prejudice to his ability to raise the issue in his appellate brief. *See* Order, 10/30/23.

Appellant presents the following issues:

1. Should this Court grant [Appellant's] motion to remand the appeal to the PCRA court?

2. Did the [PCRA] court err by dismissing [Appellant's] PCRA petition?

---

[5] On August 22, 2023, PCRA counsel filed a "Motion to Consolidate Superior Court Appeals" in this Court, which we granted on October 25, 2023.

Appellant's Brief at 3 (issues reordered; capitalization modified).[6]

In his first issue, Appellant argues this Court should remand the case to the PCRA court so that Appellant may supplement the record. Appellant's Brief at 18. He attached to his brief a letter he purports would have constituted exculpatory evidence at trial. *Id.* at 19; *see also id.*, Exh. B. Appellant argues DHS's "unfounded finding" would have "materially influenced the verdict of the jury." *Id.* at 19.

Aside from acknowledging that issues not raised in a timely 1925(b) statement are waived, *see* Appellant's Brief at 18-19 (quoting *Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998)), Appellant fails to support this argument with citation to and discussion of relevant legal authority. *See* Pa.R.A.P. 2119(a) (providing that the argument shall include "such discussion and citation of authorities as are deemed pertinent."); *see also Commonwealth v. Tchirkow*, 160 A.3d 798, 804 (Pa. Super. 2017) (stating that "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant." (citation and quotation marks omitted)). Thus, this issue is waived. *See Commonwealth v. Samuel*, 102

---

[6] In his 1925(b) statement, Appellant raised the additional issue of trial counsel's alleged ineffectiveness for failure to investigate Appellant's mental fitness to stand trial. *See* 1925(b) Statement, 7/18/23, at 2. He did not include this issue in his statement of questions or argument section of his brief; thus, it is waived. *See Commonwealth v. Ivy*, 146 A.3d 241, 254 n.6 (Pa. Super. 2016) (failure to include an issue in statement of questions or make argument in brief constitutes waiver).

A.3d 1001, 1005 (Pa. Super. 2014) (concluding that appellant waived his claim by failing to adequately develop his argument or provide citation to and discussion of relevant authority).

In his second issue, Appellant argues trial counsel was ineffective "for not presenting exculpatory evidence from [DHS,] which investigated [Appellant] as an alleged perpetrator of child abuse." Appellant's Brief at 16.[7] Appellant reiterates the argument he made in his motions for remand: "DHS records and the testimony of DHS witnesses would have materially influenced the verdict of the jury. An evidentiary hearing should have been held on this claim." **Id.** Appellant baldly asserts that "[i]f counsel had gotten access to the DHS file for the [minor victims,] all of the witness investigations … would have been readily available to [trial] counsel." **Id.**

"Our standard of review for issues arising from the denial of PCRA relief is well[ ]settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Presley**,

_____

[7] Appellant's brief does not comply with Pa.R.A.P. 2116 (Statement of the Questions Involved), in that it does not identify a specific assignment of error. Appellant merely asserts the PCRA court erred when it dismissed his petition. **See Commonwealth v. McIntyre**, 314 A.3d 828, 845 (Pa. Super. 2024) (finding a Rule 2116(a) violation where the "statement of the question involved is overly broad and vague"). Nevertheless, we decline to find waiver, as we can glean Appellant's issue from the argument section of his brief. **See Campbell v. Tang**, 298 A.3d 1164, 1167 n.2 (Pa. Super. 2023) ("[W]hile [appellant's] statement of the questions involved is overly broad, we decline to find waiver because appellate review is not hampered, and we are able to discern [appellant's] issues from the argument section of his brief.").

193 A.3d 436, 442 (Pa. Super. 2018) (citation omitted). Concerning the sufficiency of averments made in PCRA petitions, our Supreme Court has stated:

> PCRA petitioners, to be eligible for relief, must, *inter alia*, **plead and prove** their assertions by a preponderance of the evidence. Inherent in this pleading and proof requirement is that **the petitioner must not only state what his issues are, but also he must demonstrate in his pleadings and briefs how the issues will be proved**. Moreover, allegations of constitutional violation or of ineffectiveness of counsel must be discussed in the circumstances of the case. Additionally, the petitioner must establish by a preponderance of the evidence that because of the alleged constitutional violation or ineffectiveness, no reliable adjudication of guilt or innocence could have taken place. …

*Commonwealth v. Rivers*, 786 A.2d 923, 927 (Pa. 2001) (citations and quotation marks omitted; emphasis added); *see also Commonwealth v. Fears*, 250 A.3d 1180, 1189 (Pa. 2021) ("Appellant is [] required to state his claim and demonstrate how those issues will be proved." (citation omitted)).

> Further,

> [t]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Grayson*, 212 A.3d 1047, 1054 (Pa. Super. 2019) (citation omitted).

We presume that counsel is effective, and the appellant bears the burden of proving otherwise. *See Commonwealth v. Bennett*, 57 A.3d 1185, 1195 (Pa. 2012). The appellant must demonstrate

> (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (citation omitted). Additionally, we observe that

> [t]o prove arguable merit based on trial counsel's failure to call a witness, a PCRA petitioner must show that the witness existed and was available; counsel was aware of, or had a duty to know of the witness; the witness was willing and able to appear; and the proposed testimony was necessary in order to avoid prejudice[.] In this context, prejudice means that the uncalled witnesses' testimony would have been beneficial under the circumstances of the case. Thus, if the proposed testimony would have been helpful to the defense, then there is arguable merit.

*Commonwealth v. Robinson*, 278 A.3d 336, 343 (Pa. Super. 2022) (internal citations and quotation marks omitted).

Relevantly, Appellant made the following factual averments in his amended PCRA petition:

> 6. [Appellant] relays that he encountered exculpatory evidence via DHS records and physically provided this information to [trial counsel].
>
> 7. [Trial counsel] not only refrained from using the exculpatory information, but he misplaced/lost them[,] as well[,] and now [Appellant] finds [it] impossib[e to] retriev[e] duplicate copies while incarcerated.

- 10 -

8.      [Appellant] does maintain and supplied at least a document from [DHS] reading that the agency investigated a report of claimed abuse of [E.M.,] which was determined unfounded because: (1) the incident did not occur, (2) the injury was not of serious nature, or (3) substantial evidence was not found.

9.      Surely, questioning on this report would have aided the jury in finding reasonable doubt.

10.     The lack of questioning regarding this report undoubtedly added to [Appellant's] legal detriment and conviction/sentencing.

Amended PCRA Petition, 12/12/22, at 2 (unpaginated).

In its 1925 opinion, the PCRA court addressed Appellant's second claim

as follows:

Appellant alleged that he provided counsel with a document from DHS allegedly showing that the agency had investigated and determined unfounded a prior allegation of abuse from his eldest daughter, E.H. [] Appellant further alleged that counsel lost this document and/or it could not be retrieved because he is incarcerated. This claim lacked merit for two reasons.

First, [] Appellant [] failed to support his claim with a sufficient offer of proof. *See Commonwealth v. Lark*, 698 a.2d 43, 52 (Pa. 1997) (affirming dismissal of PCRA petition because petitioner failed to offer to prove facts entitling him to relief). The only evidence of this document's existence was [] Appellant's allegation. *See Commonwealth v. Griffin*, 137 A.3d 605, 608 (Pa. Super. 2016) ("It is axiomatic that allegations are not evidence."). While [] Appellant may not have been able to obtain a copy of the alleged record from DHS due to incarceration, he was represented by PCRA counsel[,] who could have requested and/or subpoenaed DHS records. Notably, the Amended Petition provided no information as to any efforts by PCRA counsel to obtain a copy of the alleged document.

Second, [at the 2018 trial, the trial court] questioned [] Appellant at trial about any other evidence he wished counsel to present on his behalf. N.T., 8/27/18, at 25. [] Appellant

- 11 -

specifically enumerated the documents he provided to counsel and asked to be presented. These documents included a police report and a Protection from Abuse petition he had filed against his ex-girlfriend. **When the [trial c]ourt asked him whether there was "any other evidence other than" these documents that he wanted to present, [] Appellant stated "<u>no, that's it</u>."** *Id.* at 25-26. These documents were, in fact later introduced as exhibits by trial counsel during [] Appellant's [direct examination]. *Id.* at 55, 59. **However, [] Appellant did not mention any document from DHS that he now claims is exculpatory**.[8] "A defendant who makes a knowing, voluntary, and intelligent decision concerning trial strategy will not later be heard to complain that trial counsel was ineffective on the basis of that decision." *Commonwealth v. Paddy*, 800 A.2d 294, 316 (Pa. 2002). **Since [] Appellant specifically enumerated the documents he wished to present in his defense at trial, and only now alleges that other documents existed, he cannot now claim that counsel was ineffective for failing to present these documents**. Therefore, [] Appellant's underlying claim that he furnished trial counsel with an exculpatory document lacks merit. Consequently, [trial] counsel was not ineffective, and the [PCRA c]ourt properly dismissed [] Appellant's [] claim.

PCRA Court Opinion, 8/17/23, at 9-10 (citations modified; footnote and emphasis added).

Our review confirms the PCRA court's findings are supported by the record. Appellant failed to identify potential witnesses or attach relevant documents to his amended PCRA petition in furtherance of his argument that trial counsel ignored or failed to investigate exculpatory evidence. *See* Amended PCRA Petition, 12/12/22, at 1-5 (unpaginated). Appellant's failure to identify any exculpatory witnesses or documents is fatal to his claim. *See*

---

[8] Appellant confirmed in his amended PCRA petition that he had knowledge of the allegedly exculpatory evidence in advance of trial. *See* Amended PCRA Petition, 12/12/22, at 2 (unpaginated).

*Robinson*, 278 A.3d at 343 (stating the requirements to prove the arguable merit of a claim of an ineffectiveness claim based upon the failure to call a witness); *Commonwealth v. Brown*, 767 A.2d 576, 583 (Pa. Super. 2001) ("Obviously the [PCRA c]ourt was not required to conduct an evidentiary hearing when there were no witnesses presented to the [c]ourt who could give admissible testimony at such a hearing.").

Further, as pointed out by the PCRA court, Appellant explicitly agreed there was no other evidence he wished to present at his trial. *See* PCRA Court Opinion, 8/17/23, at 10; *see also* N.T., 8/27/18, 24-26 (the trial court colloquying Appellant regarding any other evidence he wished trial counsel to present). In light of this, we consider *Paddy* and *Commonwealth v. Brown*, 196 A.3d 130 (Pa. 2018), as instructive.

In *Paddy*, appellant complained that trial counsel was ineffective for failing to call a series of witnesses at trial. *Paddy*, 800 A.2d at 314. In rejecting appellant's argument, the Court concluded the claim failed "for the fundamental reason that Paddy agreed at trial to counsel's decision not to call the witnesses in question." *Id.* at 315. The Court held that a defendant's "knowing, voluntary, and intelligent decision concerning trial strategy" negated his subsequent ineffectiveness argument relative to that strategy. *Id.* "To hold otherwise would allow a defendant to build into his case a ready-made ineffectiveness claim to be raised in the event of an adverse verdict." *Id.* (citation omitted).

The **Brown** Court relied on **Paddy** to arrive at the same conclusion. **Brown**, 196 A.3d at 174. In **Brown**, the defendant "was advised of all of the witnesses his trial counsel intended to call in his defense, and he expressly acknowledged that after consulting with trial counsel, there were no other witnesses he wanted to testify[.]" **Id.** The Court concluded that because the defendant "voluntarily agreed that he did not want to call any other witnesses, he cannot now complain about trial counsel's failure to call [another witness] to testify." **Id.**

Similarly, in this case, Appellant agreed that his trial counsel offered all relevant documents for his defense. N.T., 8/27/18, at 25. Because Appellant stated on the record that he did not wish to present further evidence, he cannot now claim trial counsel's ineffectiveness for failing to present additional evidence. **See Brown**, 196 A.3d at 174.

Finally, we observe that Appellant's sole reference to allegedly exculpatory material describes a document indicating an **unspecified** report of child abuse was labeled "unfounded" by DHS. Even if we considered Appellant's "unfounded" report (attached to his brief as Exhibit B), it contains no contextual information demonstrating its relevance at Appellant's trial, nor does it identify any potential witnesses. **See** Exhibit B; **see also** Commonwealth's Brief at 7 (arguing "this letter does not specify whom the allegation was made against or what made it unfounded."). Based on the foregoing, the PCRA court did not err when it dismissed Appellant's PCRA

petition without an evidentiary hearing, and Appellant's claim otherwise lacks arguable merit.  **See Brown**, 767 A.2d at 583; **see also Robinson**, 278 A.3d at 343; **Franklin**, 990 A.2d at 797.

Order affirmed.  Motions to remand denied.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date:  9/05/2024